IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NOS. WR-74,597-02, WR-74,597-03, WR-74,597-04, WR-74,597-05, WR-74,597-06,
WR-74,597-07 & WR-74,597-08





EX PARTE BRYAN PRITCHARD, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 010155, 010156, 010185 & 010186 


IN THE 259TH JUDICIAL DISTRICT COURT

FROM JONES COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered open pleas to three
charges of delivery of a controlled substance, and one charge of possession of a controlled substance
and was sentenced to 18 months' state jail in each case, to run concurrently. The sentence in cause
number 010186 was probated. The trial court notes that Applicant filed two sets of applications
challenging each cause number, but this Court has received only one application pertaining to cause
number 010156.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to interview witnesses, advised Applicant that he would receive probation, and failed to
explain the elements of the offenses to Applicant. Applicant also alleges that although trial counsel
was paid to file motions for new trial and notices of appeal in all of the cases, counsel did not do so,
causing Applicant to lose his right to appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claims of ineffective assistance
of counsel, both before the plea and with respect to the preservation of Applicant's appellate rights. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was advised by trial
counsel that he would receive probation in all of these cases. The trial court shall also make findings
as to whether counsel advised Applicant of the nature of the charges, and as to whether counsel
investigated and interviewed potential witnesses prior to the entry of the pleas. The trial court shall
also make findings as to whether Applicant was denied his right to meaningful appeals because
Applicant's counsel failed to timely file motions for new trial and notices of appeal. In addition, the
trial court shall make findings as to whether Applicant filed a second application pertaining to cause
number 010156, and as to whether Applicant's probation in cause number 010186 was ever revoked.
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 24, 2010

Do not publish